Clifford *v.* Kimball.

with rules of evidence, and is not in any respect unreasonable. *Exceptions overruled.*

---

† CLIFFORD & *al. versus* KIMBALL &, *al.*

In a suit upon a bond, given under § 17, of c. 148, R. S., for a breach of its condition, and a default is submitted to, the damages are to be assessed by the Court, and not by the jury; and the amount is the *actual* damage sustained by such breach.

No allegation against the debtor of a fraudulent concealment of his property, whereby he would be prevented from taking the statute oath upon a disclosure, will entitle the obligee to a hearing in damages before the jury.

EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

DEBT, on a bond given on arrest of the principal, under § 17, c. 68, R. S. Its conditions were not fulfilled. The defendants pleaded *nil debit,* and tendered an issue which was joined.

On the production of the original writ, officer's return, bond, judgment and execution, the defendants submitted to a default, and claimed a hearing in chancery.

The plaintiffs contended that the judgment debt was the measure of damages, and if any other basis was instituted, they had a right to go to the jury on that question, alleging such fraudulent transactions on the part of the debtor, and such a concealment of his property as would prevent him from having any benefit from a disclosure.

The Judge ruled that the question of damages was for the Court alone to determine.

Evidence of the condition of the debtor as to property was submitted and the Court ordered judgment for $1,00 damages, and full costs.

The plaintiffs excepted to the rulings.

*Gilbert,* in support of the exceptions, as to the measure of damages, cited *Richards* v. *Morse,* 36 Maine, 240; c. 85, § 2, of Acts of 1848.

As to the right to go to the jury. Const. of Maine, Art. 1, § 20.

*Randall,* contra, cited § 9, c. 31, of laws of 1842; *Hathaway* v. *Crosby,* 17 Maine, 448. That no exceptions lie. *Loud* v. *Pierce,* 25 Maine, 233; *Miller* v. *Goddard,* 34 Maine, 102.

TENNEY, J. — The bond was taken in pursuance of the provisions of R. S. c. 148, § 17. The defendants were defaulted, and damages were assessed upon a hearing in chancery by the Court, notwithstanding the plaintiffs claimed as damages, the sums appearing to be due, upon the execution, issued on the judgment obtained in the action, on which the arrest was made. The plaintiffs further contended, that if the damages were to be assessed upon any other basis, they were entitled to go to the jury, alleging such fraudulent transactions on the part of Kimball, as would forbid him to disclose, and that he had property concealed.

By authority of the case of *Burbank* v. *Berry,* 22 Maine, 483, which gives a construction to the Act of 1842, c. 31, § 9, the damages against the obligors in a bond, like the one before us, after a breach of the condition, are to be assessed by the Court, and not by the jury; and are those actually sustained by the obligee. This construction was affirmed in *Sargeant* v. *Pomeroy,* 33 Maine, 388; *Fales* v. *Dow,* 24 Maine, 211, and in *Call* v. *Barker,* 27 Maine, 97.

No statutory provision transfers the power of the Court to the jury in the assessment of damages, upon an allegation of fraud of the debtor, in the disposition of his property. And it is not perceived, that the constitution of this State, art. 1, § 20, gives to the creditor the right to be heard by the jury on the question of damages, as contended for by the plaintiff's counsel. The property, which it was insisted, that the principal obligor in the bond had fraudulently concealed, was not that of the obligee, nor had the latter acquired any right thereto, by attachment or otherwise, any farther, than by his relation to the former, of creditor. The right which the plaintiffs had to inquire into the transactions of the principal defendant in this suit, in relation to his pro-

perty, was under the statute, by which the Court has the power to fix the damages, upon principles of equity, upon bonds, "conditioned to be void or defeated, upon performance only of some act or duty," in which there have been breaches. The plaintiffs have chosen to resort to the remedy provided by the Legislative power, to obtain the payment of their debt, and they are not entitled to enlarge or to change it. 3 Story's Commentaries on the Const. U. S., 645. They are still creditors, for any unpaid balance, notwithstanding a part only of the original, may have been discharged; and all remedies, not already exhausted, are open to them.

The facts, on the question of damages, were properly submitted to the Court, and the conclusion to which it came was not a matter to which exceptions would lie.

*Exceptions overruled.*